UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DURACELL U.S. OPERATIONS, LLC., a Delaware
corporation;

        Plaintiff,

vs.

MY IMPORTS USA LLC, a New Jersey limited liability
company, MY IMPORT USA INC., a New Jersey
corporation, MANSUR MAQSUDI (a/k/a MANSUR
MAQ), an individual, JIAN YANG ZHANG (a/k/a
KEVIN ZHANG), an individual;

        Defendants.

---

Case No. 1:19-cv-3820 (PGG)

**ANSWER OF DEFENDANT
MANSUR MAQSUDI**

## ANSWER OF DEFENDANT MANSUR MAQSUDI

Defendant Mansur Maqsudi ("Maqsudi"), by and through his undersigned counsel,

hereby answers the Complaint filed by Plaintiff Duracell U.S. Operations LLC ("Duracell" or

"Plaintiff") as follows:

### NATURE OF THE ACTION

1.      Denies the allegations in Paragraph 1.

### PARTIES

2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 2.

3.      Admits to the allegations in Paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 4.

5.      Denies the allegations in Paragraph 5, except admits that Maqsudi resides at 6 Queens Court, Morristown, NJ 07960.

6.      Denies the allegations in Paragraph 6 that Maqsudi individually decided, directed, authorized and controlled all of the actions of My Imports LLC and My Imports Inc. with respect to the matters alleged in the Complaint. Admits that Zang was a principal and owner of My Imports LLC and My Imports Inc. and that Zhang alone individually decided, directed, authorized, and controlled all of the actions of My Imports LLC and My Imports Inc. with respect to the matters alleged in the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding Zhang's residence.

## JURISDICTION

7.      Denies the allegations in Paragraph 7.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 with respect to Defendants Zhang and My Imports Inc. Denies the remaining allegations in Paragraph 8 with respect to Defendants Maqsudi and My Imports LLC.

## VENUE

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 with respect to Defendants Zhang and My Imports Inc. Denies the remaining allegations in Paragraph 9 with respect to Defendants Maqsudi and My Imports LLC.

## FACTS

**The Duracell® Trademarks**

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except states that the records of the United States Patent and Trademark Office speak for themselves.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, except states that the records of the United States Patent and Trademark Office speak for themselves.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except states that the records of the United States Patent and Trademark Office speak for themselves.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except states that the records of the United States Patent and Trademark Office speak for themselves.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except states that the records of the United States Patent and Trademark Office speak for themselves.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, except states that the records of the United States Patent and Trademark Office speak for themselves.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

**Duracell's Products and Their Material Differences**

19.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

**Defendants' Unauthorized Distribution and Sale of Infringing Products**

27.      Denies the allegations in Paragraph 27.

28.      Denies the allegations in Paragraph 28.

29.      Denies the allegations in Paragraph 29.

30.      Denies the allegations in Paragraph 30.

31.      Denies the allegations in Paragraph 31.

32.     Denies the allegations in Paragraph 32.

33.     Denies the allegations in Paragraph 33.

**FIRST CAUSE OF ACTION**
**Trademark Infringement**
**15 U.S.C. § 1114**

34.     Defendant repeats and realleges its responses to Paragraph 1 through 33 of the Complaint as if fully set forth herein.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, except states that the records of the United States Patent and Trademark Office speak for themselves.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, except states that the records of the United States Patent and Trademark Office speak for themselves.

38.     Denies the allegations in Paragraph 38.

39.     Denies the allegations in Paragraph 39.

40.     Denies the allegations in Paragraph 40.

41.     Denies the allegations in Paragraph 41.

42.     Denies the allegations in Paragraph 42.

43.     Denies the allegations in Paragraph 43.

44.     Denies the allegations in Paragraph 44.

45.     Denies the allegations in Paragraph 45.

## SECOND CAUSE OF ACTION
### Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)(1)(A)

46.     Defendant repeats and realleges its responses to Paragraph 1 through 45 of the Complaint as if fully set forth herein.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, except states that the records of the United States Patent and Trademark Office speak for themselves.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, except states that the records of the United States Patent and Trademark Office speak for themselves.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, except states that the records of the United States Patent and Trademark Office speak for themselves.

50.     Denies the allegations in Paragraph 50.

51.     Denies the allegations in Paragraph 51.

52.     Denies the allegations in Paragraph 52.

53.     Denies the allegations in Paragraph 53.

54.     Denies the allegations in Paragraph 54.

55.     Denies the allegations in Paragraph 55.

56.     Denies the allegations in Paragraph 56.

## THIRD CAUSE OF ACTION
### New York State Common Law Trademark Infringement

57.     Defendant repeats and realleges its responses to Paragraph 1 through 56 of the Complaint as if fully set forth herein.

30762/001/3162667.1

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, except states that the records of the United States Patent and Trademark Office speak for themselves.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, except states that the records of the United States Patent and Trademark Office speak for themselves.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, except states that the records of the United States Patent and Trademark Office speak for themselves.

62.     Denies the allegations in Paragraph 62.

63.     Denies the allegations in Paragraph 63.

64.     Denies the allegations in Paragraph 64.

65.     Denies the allegations in Paragraph 65.

66.     Denies the allegations in Paragraph 66.

67.     Denies the allegations in Paragraph 67.

68.     Denies the allegations in Paragraph 68.

<u>**FOURTH CAUSE OF ACTION**</u>
**Unfair and Deceptive Business Practices**
**NY GEN Bus. L. § 349**

69.     Defendant repeats and realleges its responses to Paragraph 1 through 68 of the Complaint as if fully set forth herein.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Denies the allegations in Paragraph 71.

72.     Denies the allegations in Paragraph 72.

73.     Denies the allegations in Paragraph 73.

74.     Denies the allegations in Paragraph 74.

## FIRST AFFIRMATIVE DEFENSE

75.     The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

76.     The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

77.     The claims for equitable relief alleged in the Complaint are barred by Plaintiffs' unclean hands.

## FOURTH AFFIRMATIVE DEFENSES

78.     The claims alleged in the Complaint are barred by the doctrine of waiver, consent, and acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

79.     The claims alleged in the Complaint are barred by the doctrine of equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

80.    The claims in the Complaint are barred because Defendant Mansur Maqsudi has not committed an act of infringement.

### SEVENTH AFFIRMATIVE DEFENSE

81.    The claims in the Complaint are barred by the First Sale Doctrine and/or the allegedly internationally distributed Duracell Batteries are not materially different from the domestically distributed Duracell U.S. Batteries.

### PRAYER FOR RELIEF

82.    Maqsudi denies that Plaintiff is entitled to any relief which it seeks.

### DEMAND FOR JURY TRIAL

83.    Maqsudi demands a jury trial for all claims in the Complaint susceptible to a trial by jury.

**WHEREFORE**, Mansur Maqsudi respectfully requests that the Court dismiss the Complaint together with an award of attorneys' fees, costs and disbursements and such other and further relief as the Court deems just and proper.

By:    /s/ Kieran G. Doyle /s/
       Kieran G. Doyle
       Cowan, Liebowitz & Latman, P.C.
       114 W 47th Street
       New York, NY 10036
       Telephone: (212) 790-9261
       kgd@cll.com

*Attorney for Defendant My Imports USA LLC
and Defendant Mansur Maqsudi*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, I have served the foregoing document by e-mailing it to counsel of record:


Peter D. Raymond
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
praymond@reedsmith.com

Robert N. Phillips
REED SMITH LLP
101 Second Street – Suite 1800
San Francisco, CA 94105
Tel: (415) 543-8700
Fax: (415) 391-8269
robphillips@reedsmith.com

*Attorneys for Plaintiff Duracell U.S. Operations, LLC*


Michael V. Cibella
Law Offices of Michael V. Cibella, LLC
546 Fifth Avenue
New York, New York 10036
Phone: (212) 818-1880
Fax: (212) 750-8297
mvc@cibellalaw.com

*Attorney for Defendant Jiang Yang Zhang (a/k/a Kevin Zhang)*


/s/ *Ariana J. Sarfarazi*