IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
DURACELL U.S. OPERATIONS, INC.
a Delaware corporation,

                Plaintiff,

- against -

MY IMPORTS USA LLC, a New Jersey limited liability
company, MY IMPORT USA INC., a New Jersey
corporation, MANSUR MAQSUDI (a/k/a Mansur Maq), an
individual, JIAN YANG ZHANG (a/k/a Kevin Zhang), an
individual;

                Defendant.
---------------------------------------------------------------------X

Civil Action No.:
19-cv-03820

ANSWER

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, JIAN YANG ZHANG (a/k/a Kevin Zhang) (hereafter "Zhang"), by his attorneys Law Offices of Michael V. Cibella, LLC, hereby submits the following Answer and Affirmative Defenses in response to Plaintiff's DURACELL U.S. OPERATIONS, INC. ("Plaintiff" or "Duracell"), Complaint. Defendant states as follows:

### NATURE OF ACTION

1. Denies the allegations in paragraph 1 of the Complaint.

### PARTIES

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

1

4. Admits the allegations of paragraph 4 of the Complaint.

5. Denies the allegations of paragraph 5 of the Complaint, except admits that Maqsudi was principal and owner of My Imports USA LLC ("MI LLC") and My Import USA Inc. ("MI Inc.") and that Maqsudi individually decided, directed, authorized and controlled all of the actions of MI LLC and MI Inc. with respect to the matters alleged in the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Maqsudi's address.

6. Denies the allegations of paragraph 6 of the Complaint.

## JURISDICTION

7. Denies the allegations of paragraph 7 of the Complaint.

8. Denies the allegations of paragraph 8 of the Complaint as it relates to defendant, except admits that there is personal jurisdiction over defendant per a prior stipulation with plaintiff's counsel.

## VENUE

9. Denies the allegations of paragraph 9 of the Complaint as it relates to defendant. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Maqsudi and MI LLC.

## FACTS
### The Duracell® Trademarks

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except admits that the records of the United States Patent and trademark Office speak for themselves.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except admits that the records of the United States Patent and trademark Office speak for themselves.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, except admits that the records of the United States Patent and trademark Office speak for themselves.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except admits that the records of the United States Patent and trademark Office speak for themselves.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, except admits that the records of the United States Patent and trademark Office speak for themselves.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except admits that the records of the United States Patent and trademark Office speak for themselves.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

### **Duracell's Products and Their Material Differences**

20. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

### **Defendants' Unauthorized Distribution and Sale of Infringing Products**

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint as it relates to defendants Zhang and MI Inc. and denies knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to defendants Maqsudi and MI LLC.

30. Denies the allegations in paragraph 30 of the Complaint as it relates to defendants Zhang and MI Inc., except that defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as it relates to defendants Maqsudi and MI LLC.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

**FIRST CAUSE OF ACTION**
**Trademark Infringement**
**15 U.S.C. § 1114**

34. Defendant re-states and incorporates his answers to the allegations set forth in the foregoing paragraphs as if fully set forth herein.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

38. Denies the allegations in paragraph 38 of the Complaint.

39. Denies the allegations in paragraph 39 of the Complaint.

40. Denies the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Denies the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint that Plaintiff is entitled to such relief.

45. Denies the allegations in paragraph 45 of the Complaint that Plaintiff is entitled to such relief.

## SECOND CAUSE OF ACTION
**Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(a)(1)(A)**

46. Defendant re-states and incorporates his answers to the allegations set forth in the foregoing paragraphs as if fully set forth herein.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

50. Denies the allegations in paragraph 50 of the Complaint.

51. Denies the allegations in paragraph 51 of the Complaint.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies the allegations in paragraph 54 of the Complaint.

55. Denies the allegations in paragraph 55 of the Complaint that Plaintiff is entitled to such relief.

56. Denies the allegations in paragraph 56 of the Complaint that Plaintiff is entitled to such

relief.

### THIRD CAUSE OF ACTION
### New York State Common Law Trademark Infringement

57. Defendant re-states and incorporates his answers to the allegations set forth in the foregoing paragraphs as if fully set forth herein.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, except admits that the records of the United States Patent and Trademark Office speak for themselves.

62. Denies the allegations in paragraph 62 of the Complaint.

63. Denies the allegations in paragraph 63 of the Complaint.

64. Denies the allegations in paragraph 64 of the Complaint

65. Denies the allegations in paragraph 65 of the Complaint.

66. Denies the allegations in paragraph 66 of the Complaint.

67. Denies the allegations in paragraph 67 of the Complaint.

68. Denies the allegations in paragraph 68 of the Complaint that Plaintiff is entitled to such relief.

## FOURTH CAUSE OF ACTION
### Unfair and Deceptive Business Practices
### NY GEN Bus. L. § 349

69. Defendant re-states and incorporates his answers to the allegations set forth in the foregoing paragraphs as if fully set forth herein.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71. Denies the allegations in paragraph 71 of the Complaint.

72. Denies the allegations in paragraph 72 of the Complaint.

73. Denies the allegations in paragraph 73 of the Complaint.

74. Denies the allegations in paragraph 74 of the Complaint.

## AFFIRMATIVE DEFENSES

JIAN YANG ZHANG (a/k/a Kevin Zhang) (hereafter "Zhang") asserts the following affirmative defenses against the allegations in the Complaint filed by Duracell U.S. Operations, Inc. ("Duracell"):

### FIRST AFFIRMATIVE DEFENSE
### Failure to state a Cause of Action

75. The Complaint fails to state a claim upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE
### First Sale Doctrine

76. The claims in the Complaint are barred by the First Sale Doctrine in that the alleged Gray Market Batteries were manufactured by, sold by and were in packaging designed by Duracell.

### THIRD AFFIRMATIVE DEFENSE
### First Sale Doctrine/No Material Differences

77. The claims in the Complaint are barred by the First Sale Doctrine/No Material

Differences in that the alleged Gray Market internationally distributed batteries are not materially different from the domestically distributed Duracell U.S. Batteries and that the alleged Gray Market internationally distributed batteries were manufactured by, sold by and were in packaging designed by Duracell and that any alleged differences between the alleged Gray Market internationally distributed batteries and the domestically distributed Duracell U.S. Batteries are not material and would not be relied on by consumers in purchasing batteries of the nature at issue in this lawsuit.

### FOURTH AFFIRMATIVE DEFENSE
### Laches

78. The claims in the Complaint are barred, in whole or in part, by the doctrine of laches in that Duracell has been aware of alleged sales of Duracell Gray Market Batteries, Counterfeit Packaging Batteries and Original Equipment Manufacturers ("OEM") Batteries ("OEM Batteries"), which Duracell now claims should not have been sold in the United States, since at least 2017, and did not notify defendant Zhang about its claims that the batteries allegedly sold by Zhang are Gray Market Batteries, Counterfeit Packaging Batteries, and OEM Batteries.

79. Duracell filed the present lawsuit against Zhang on April 29, 2019, approximately two (2) years after it was aware of what it now claims is infringement of its Trademarks and other rights and has thus failed to bring suit in a timely manner thereby prejudicing defendant Zhang.

### FIFTH AFFIRMATIVE DEFENSE
### Statute of Limitations

80. The claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE
### Failure to Take Measures to Prevent Gray Market and Counterfeit Goods

81. The claims in the Complaint are barred, in whole or in part, by Duracell's failure to take actions to mark its products and to bar the importation of the Alleged Gray Market Batteries, Counterfeit Packaging Batteries and OEM Batteries in one or more of the following ways:

    a. Failing to mark that the Alleged Gray Market Batteries may not be sold in the United States;

    b. Failing to designate the country(ies) in which the Alleged Gray Market Batteries may be sold;

    c. Failing to register the marks at issue in this case with the United States Customs & Border Protection;

    d. Failing to take reasonable measures to ensure that the Alleged Gray Market Batteries would not be sold in the United States; and

    e. Failing to ensure that alleged Counterfeit Packaging Batteries and OEM Batteries would not be sold.

### SEVENTH AFFIRMATIVE DEFENSE
### Waiver

82. The claims in the Complaint are barred, in whole or in part, in that Duracell knew of the alleged sale of Duracell batteries since at least 2017, approximately two (2) years before Duracell filed the pending lawsuit, Duracell knew it had a right to assert a claim for alleged infringement of Duracell's alleged intellectual property and other rights, and Duracell, through its inaction, knowingly and voluntarily relinquished its right to assert infringement of its intellectual property and other rights as against Zhang by the doctrine

of waiver, consent and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE
### Equitable Estoppel

83. The claims in the Complaint are barred, in whole or in part, by the doctrine of equitable estoppel.

## NINTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

84. The claims in the Complaint are barred, in whole or in part, in that Duracell has failed to mitigate its alleged damages by acquiescing in the alleged sale of the batteries at issue in this suit and its delay in filing the within action.

## TENTH AFFIRMATIVE DEFENSE
### Unclean Hands

85. The claims in the Complaint are barred, in whole or in part, by the doctrine of unclean hands, in that Duracell places into the market each year millions of batteries which are physically and materially indistinguishable from the alleged Gray Market Batteries, Counterfeit Packaging Batteries and OEM Batteries which Zhang allegedly purchased and resold.

## DEMAND FOR JURY TRIAL

Defendant Zhang demands a jury trial for all claims in the Complaint susceptible to a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, JIAN YANG ZHANG (a/k/a Kevin Zhang) denies that Plaintiff, Duracell U.S. Operations, Inc., is entitled to any of the relief requested in its Complaint and respectfully requests:

    a. An order dismissing the Complaint with prejudice;

b. An award of fees, interest, and costs; and

c. Such other relief as the Court deems just and proper.

Dated: New York, New York
August 30, 2019

                LAW OFFICES OF MICHAEL V. CIBELLA, LLC

By: /s/ Michael V. Cibella /s/
     Michael V. Cibella
*Attorneys for Defendant Jian Yang Zhang*
*(a/k/a Kevin Zhang) and My Import USA Inc.*
546 Fifth Avenue
New York, New York 10036
(212) 818-1880
mvc@cibellalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, I served the foregoing document via ECF and by e-mailing it to counsel of record:

Peter D. Raymond
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
praymond@reedsmith.com

Robert N. Phillips
REED SMITH LLP
101 Second Street – Suite 1800
San Francisco, CA 94105
Tel: (415) 543-8700
Fax: (415) 391-8269
robphillips@reedsmith.com

*Attorneys for Plaintiff Duracell U.S. Operations, LLC*

Kieran G. Doyle
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036
Tel: (212) 790-9261
Fax: (212) 575-0671
kgd@cll.com

*Attorneys for Defendants My Imports USA LLC and Mansur Maqsudi (a/k/a Mansur Maq)*

*/s/ Michael V. Cibella /s/*